IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GALLEGOS and REFUGIO MERAZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| CHICAGO POLICE OFFICERS SLAWOMIR PLEWA, STAR NO. 14604; JOSEPH SIMON, STAR NO. 16497; ROBERT JACKSON, STAR NO. 15556; GERALD LODWICH, STAR NO. 6958; GEORGE CANCEL, STAR NO. 6158; ERIC LAWRIN, STAR NO. 10197; ROBERT G. MUSCOLINO, STAR NO. 937; JAMES SANKOVICH, STAR NO. 3318; JAMES WITT, STAR NO. 19400, and AGUSTIN CERVANTES, STAR NO. 14856, individually and as employee/Agents of the CITY OF CHICAGO, a municipal Corporation, and THE CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COME, JOSE GALLEGOS and REFUGIO MERAZ, by and through their attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS CHICAGO POLICE OFFICERS SLAWOMIR PLEWA, STAR NO. 14604; JOSEPH SIMON, STAR NO. 16497; ROBERT JACKSON, STAR NO. 15556; GERALD LODWICH, STAR NO. 6958; GEORGE CANCEL, STAR NO. 6158; ERIC LAWRIN, STAR NO. 10197; ROBERT G. MUSCOLINO, STAR NO. 937; JAMES SANKOVICH, STAR NO. 3318; JAMES WITT, STAR NO. 19400, and AGUSTIN CERVANTES, STAR NO. 14856, and THE CITY OF CHICAGO, state as follows:

## INTRODUCTION

1. This is an action for civil damages brought for the deprivation of plaintiffs' constitutional rights. In 2007, the Plaintiffs were arrested and prosecuted for crimes of which they were completely innocent. The Defendants violated their constitutional rights to a fair trial and due process of law by manipulating and falsifying evidence. In 2008, all criminal charges initiated by the DEFENDANT OFFICERS were dismissed by the Cook County State's Attorneys Office following the indictment of DEFENDANT PLEWA for perjury and other felony charges. This lawsuit seeks redress, under federal and state law, for injuries caused by the Defendants misconduct.

2. Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

3. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois. Further, the Plaintiffs and Defendants reside within this judicial district and Defendant City of Chicago is a municipal corporation located within this district.

4. The Defendant Officers were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On July 5, 2007, the DEFENDANT OFFICERS executed a search warrant at 1635 N. Drake Avenue, Chicago, Illinois 60647.

6. The target the search warrant was a female Hispanic with the nickname of "Prima."

7. The Plaintiffs were arrested by the DEFENDANT OFFICERS on July 5, 2007, at 1635 N. Drake Avenue despite the fact the DEFENDANT OFFICERS knew the Plaintiffs were not in possession of any contraband or in violation of any laws.

8. The Plaintiffs were transferred to the 25th District and interviewed by DEFENDANT OFFICERS SIMON and PLEWA as well as other DEFENDANT OFFICERS. DEFENDANT OFFICERS SIMON and PLEWA told the Plaintiffs that if they agreed to be informants they would "go easy on them."

9. When the Plaintiffs refused to be informants for the DEFENDANT OFFICERS, DEFENDANT OFFICERS SIMON and PLEWA, conspired with the other DEFENDANT OFFICERS to fabricate evidence and falsely implicate the Plaintiffs in criminal activity. Specifically, the DEFENDANT OFFICERS conspired to injure the Plaintiffs by:

   (a) Generating false police reports stating the Plaintiffs were in possession of cannabis recovered during the search of 1635 N. Drake Avenue; and

   (b) Generating false criminal complaints stating that the Plaintiffs were in possession of cannabis located at 1635 N. Drake Avenue.

10. In connection with the above conspiracy, DEFENDANT OFFICER SIMON provide false testimony on July 23, 2007 before a Cook County Grand Jury in order to secure a felony indictment against the Plaintiffs for possession of cannabis, knowing that the Plaintiffs were not in violation of any laws on July 5, 2007.

11. The DEFENDANT OFFICERS further withheld information about the fact they had fabricated police reports, criminal complaints and made false statements before the Grand Jury.

12. The DEFENDANT OFFICERS withheld as exculpatory information from the Plaintiffs, prosecutors and the Criminal Court in violation of *Brady*.

13. In 2008, DEFENDANT OFFICER PLEWA was indicted by a Cook County Grand Jury for perjury, official misconduct and obstruction of justice in Cook County criminal case number 08CR19286 for misconduct similar, if not identical, to that described above.

14.     On September 24, 2008, the Cook County State's Attorneys' Office dismissed all the criminal charges against the Plaintiffs that were initiated by the DEFENDANT OFFICERS in a manner indicative of their innocence.

## COUNT I
## Due Process Violation

15.     Plaintiffs re-allege and incorporates paragraphs 1-14 as fully stated herein.

16.     As described above, the Defendant Officers, while acting under color of law and within the scope of their employment as Chicago police Officers, violated plaintiffs' Constitutional right to Due Process, *inter alia*, by manipulating and/or tampering with evidence, fabricating police reports and criminal complaints, testifying falsely before Grand Jury to secure a felony indictment and withholding this exculpatory evidence from prosecutors. Absent this misconduct, the prosecution of the Plaintiffs could not and would not have been pursued.

17.     The misconduct described in this Court was undertaken intentionally, with malice, willfulness and reckless indifference to the rights of others, and specifically, the rights of the plaintiffs.

18.     As a result of the above-described wrongful infringement of Plaintiffs' rights, Plaintiffs suffered damages, including but not limited to, severe mental distress and anguish.

## COUNT II
## Conspiracy Claims

19.     Plaintiffs re-allege and incorporates paragraphs 1-14 above as fully stated herein.

20.     Pleading in the alternative as described more fully above, the Defendant Officers acted in concert with each other to intentionally deprive Plaintiffs of their constitutional rights under color of law.

21.     In furtherance of this conspiracy, the Defendants took overt acts in fabricating false police reports and criminal complaints and providing false testimony before a Grand Jury. The DEFENDANT OFFICERS withheld this exculpatory evidence, all in violation of both state and federal law.

22.     The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiffs.

23.     As a result of the above-described wrongful infringement of Plaintiffs' rights, they have suffered through a prolonged and unnecessary criminal proceedings and suffered financial and other damages, including but not limited to substantial mental stress and anguish.

24.     The aforementioned actions of the Defendants were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment as well as the Due Process rights guaranteed by the Illinois Constitution.

25.     This conspiracy between the DEFENDANT OFFICERS to deprive Plaintiffs' of their State and Federal Constitutional rights was ongoing and continued from the date of their arrest until the false criminal charges were dismissed on September 24, 2008.

### COUNT III
### Malicious Prosecution

26.     Plaintiffs re-allege and incorporate paragraphs 1-14 above as fully stated herein.

27.     Plaintiffs were improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiffs' favor in a manner indicative of innocence.

28. The Defendant Officers accused the Plaintiffs of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence and made false reports and other statements with the intent of exerting influence to institute and continue judicial proceedings.

29. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the Plaintiffs.

30. As a result of the above-described wrongful infringement of Plaintiff's rights, they have suffered financial and other damages, including but not limited to substantial mental stress and anguish.

## COUNT IV
### Intentional Infliction of Emotional Distress

31. Plaintiffs re-allege and incorporate paragraphs 1-14 above as fully stated herein.

32. By attempting to frame Plaintiffs for crimes they did not commit, the Defendant Officers engaged in extreme and outrageous conduct. The Defendants actions were rooted in an abuse of power and authority, and they were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

33. The misconduct described in this Count was undertaken with intent, malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiffs, such that the Defendants actions shock the conscience. This intent by the DEFENDANT OFFICERS to inflict emotional distress continued until the false criminal charges were dismissed by the Cook County State's Attorneys' Office on September 24, 2008.

34. As a result of the above-described wrongful conduct, the Plaintiffs have suffered financial and other damages, including but not limited to substantial mental stress and anguish.

## COUNT V
## Monell Claim

35. Plaintiff realleges paragraphs 1 through 14, as if fully set out herein.

36. The Chicago Police Department (the "Department") is a subsidiary division of defendant, the CITY OF CHICAGO, which maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including defendants PLEWA and the other Defendant Officers.

37. Defendant Officers were able to engage in misconduct against the plaintiffs, as a direct result of certain policies, established customs, and procedures of defendant CITY, which were adopted and promulgated by defendant CITY through the actions and inactions of senior and intermediate supervising officers of the CITY, through its subsidiary the Chicago Police Department.

38. At the time of this occurrence, and prior thereto, there existed within the Chicago Police Department a de facto policy of failing to properly train, screen, supervise, control, manage and discipline its officers who, while on duty, demonstrate a repeated propensity for engaging in the misconduct outlined above.

39. For a period of years prior to the incident which is the subject of this complaint, Defendant Officer PLEWA and other Defendant Officers had an extensive, well documented history within Chicago Police Department records, of having a repeated and frequent propensity to commit unlawful acts against innocent citizens in the City of Chicago, while in the performance of their duties as Chicago police officers.

40. At the time of this occurrence, and prior thereto, the CITY, through the Chicago Police Department maintained, operated, and controlled, a surrogate agency, the Office of Professional Standards ("OPS"), which was ostensibly charged with the responsibility of investigating citizen complaints of police brutality and other forms of unlawful misconduct alleged to have been committed by Chicago Police Officers, in the performance of their official duties.

41. At the time of this occurrence, and prior thereto, the CITY, through the Chicago Police

Department maintained a policy or custom of failing to properly conduct good faith, legitimate investigations into allegations of illegal and improper conduct of Chicago police officers. As part of said policy or custom, the Department commonly classified as "unfounded" allegations of misconduct which were corroborated by independent witnesses, unwarranted injures, baseless criminal charges and other factors.

42. A principal facet of the improper policy or custom employed by the CITY is the fact that supervisors within the Department completely ignore obvious patterns of misconduct committed by officers as evidenced by numerous unrelated complaints of similar types of misconduct. The failure and refusal by the CITY through the Department to make any effort whatsoever to curb misconduct, in the face of clear patterns of ongoing unlawful behavior by certain officers, is deliberate indifference by the CITY to such conduct.

43. As part of its policy and custom of knowingly tolerating patterns of unlawful conduct by certain of its officers, the CITY fails to properly control, supervise, counsel, discipline, reeducate, or otherwise intervene to stop the continuing misconduct of police officers, such as defendant officer PLEWA and other Defendant Officers, who routinely engage in illegal and improper treatment of innocent citizens.

44. By its polices of non-feasance and deliberate indifference in the aforementioned areas, the CITY, through the Chicago Police Department, let it be known to its supervisors and officers, such as officer PLEWA, that the CITY condoned, ratified and by virtue thereof encouraged the wanton and willful misuse of arrest powers, by said officers such as defendant PLEWA.

45. Defendant PLEWA and other Defendant Officers engaged in an open, notorious, and longstanding pattern of misconduct in connection with his work as a police officer, for a number of years prior to the incident in this complaint. This illegal behavior was well known to the CITY and the Chicago Police Department, and was regularly and routinely disregarded with deliberate indifference. Certain of the information concerning PLEWA's misconduct is contained in Chicago Police

Department records which are characterized as Complaint Register ("CR") numbers.

46. The deliberate indifference to the rights of its citizens by the defendant CITY resulted in PLEWA and other Defendant Officers being returned to the streets as police officers and was a proximate cause of the injuries sustained by the plaintiffs.

47. Defendant PLEWA was indicted by a Cook County Grand Jury for perjury, official misconduct and obstruction of justice in 2008.

### REQUEST FOR RELIEF

48. Plaintiffs, JOSE GALLEGOS and REFUGIO MERAZ, respectfully request that the Court:

a. Enter judgment in his favor and against Defendant Officers and The City of Chicago;

b. Award compensatory damages against Defendant Officers and The City of Chicago;

c. Award attorneys' fees against Defendant Officers and The City of Chicago;

d. Award punitive damages against Defendant Officers in their individual capacities; and

e. Grant any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiffs, JOSE GALLEGOS and REFUGIO MERAZ, demand a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

    Respectfully submitted,

    /s/ Jeffrey J. Neslund
    JEFFREY J. NESLUND
    Attorney for Plaintiffs

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
(312) 223-1100