IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GALLEGOS and REFUGIO MERAZ, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | No. 09 CV 5959 |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | Honorable David H. Coar |
| SLAWOMIRE PLEWA, STAR NO. 14604; | ) | |
| JOSEPH SIMON, STAR NO. 16497; | ) | |
| ROBERT JACKSON, STAR NO. 15556; | ) | |
| GERALD LODWICH, STAR NO. 6958; | ) | |
| GEORGE CANCEL, STAR NO. 937; | ) | |
| JAMES SANKOVICH, STAR NO. 3318; | ) | |
| JAMES WITT, STAR NO. 19400, and | ) | |
| AGUSTIN CERVANTES, STAR NO. 14856, | ) | |
| individually and as employee/agent of the | ) | |
| CITY F CHICAGO, a municipal | ) | |
| corporation, and THE CITY OF CHICAGO, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jose Gallegos and Refugio Meraz (collectively, "Plaintiffs") have filed an action against Defendants Slawomire Plewa ("Plewa"), Joseph Simon, Robert Jackson, Gerald Lodwich, George Cancel, James Sankovich, James Witt, Agustin Cervantes, (collectively, "Defendant Officers") and the City of Chicago (collectively, "Defendants"), alleging due process violations, conspiracy to deprive Plaintiffs of their constitutional rights, malicious prosecution, and intentional infliction of emotional distress. Before this Court is Defendants' motion to dismiss all counts of Plaintiffs' complaint, pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. 7]. Plaintiffs have failed to respond to Defendants' motion. For the reasons stated below, the motion is GRANTED.

1

### I. Background

On July 5, 2007, Defendant Officers executed a search warrant targeting a Hispanic female nicknamed "Prima." Plaintiffs were arrested during the course of the search, despite the fact that the Defendant Officers allegedly knew that they were not in violation of any laws. Plaintiffs were allegedly transferred to and interviewed at the 25th District. Plaintiffs allege that they refused to be informants for Defendant Officers, who then conspired amongst one another to fabricate evidence falsely implicating Plaintiffs of criminal activity. Plaintiffs allege that Defendant Officers generated false police reports placing Plaintiffs in possession of cannabis recovered during the search, and generating false criminal complaints stating the same.

On July 23, 2007, Defendant Officers testified falsely before a Cook County Grand Jury in order to secure a felony indictment against Plaintiffs. They also withheld information about the fabricated police reports and criminal complaints. In 2008, Plewa was indicted by a grand jury for perjury, official misconduct, and obstruction of justice for conduct similar to that described above. On September 24, 2008, the Cook County State's Attorneys' Office dismissed all criminal charges against the Plaintiffs.

### II. Standard of Review

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir.1996). To survive the motion, a complaint need only describe the claim in sufficient detail to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). A plaintiff's factual allegations must suggest a plausible, rather than merely speculative, entitlement to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555. That is, the complaint must present "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Id.* at 556. In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

### III. Analysis

#### A. Count I

In Count I, Plaintiffs allege that the manipulation of evidence, fabrication of police reports and criminal complaints, false testimony before a grand jury, and withholding of exculpatory evidence violated their due process rights under the Constitution. Plaintiffs' claim is apparently a hybrid of false arrest, malicious prosecution, and Brady claims. While Plaintiffs have not specified as much, the Court presumes that they bring this count pursuant to 42 U.S.C. § 1983, which entitles Plaintiffs to relief upon (1) deprivation of a right secured by the Constitution or laws of the United States, by (2) a person acting under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

Insofar as Plaintiffs allege a false arrest claim under the Fourth Amendment, it is time-barred. In Illinois, the applicable statute of limitations for a § 1983 false arrest claim is two years. 735 ILCS 5/13-202. The period of limitations for such a claim accrues "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* 549 U.S. 384, 397

3

(2007). Plaintiffs were arrested on July 5, 2007. Plaintiffs did not file their Complaint until September 24, 2009. Consequently, a claim complaining of a lack of probable cause for arrest is untimely and must be dismissed.

If Plaintiffs seek to advance a federal malicious prosecution claim, they are barred from doing so. The Seventh Circuit has concluded that no constitutional tort of malicious prosecution exists where, as in Illinois, state law provides remedies for wrongful prosecution. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001) (interpreting *Albright v. Oliver*, 510 U.S. 266 (1994)). The federal Constitution recognizes no right to be free from prosecution without probable cause. *Id*. at 751.

Finally, Plaintiffs' *Brady* claim fails on multiple grounds. A *Brady* violation occurs when the prosecution fails to disclose materially favorable evidence to the probable prejudice of the defendant's criminal case. *See Carvajal v. Dominguez,* 542 F.3d 561, 566-67 (7th Cir. 2008) (citing *Youngblood v. West Virginia*, 547 U.S. 867, 869-70 (2006)); *see also Brady v. Maryland*, 373 U.S. 83, 83 (1963). Exculpatory evidence is "suppressed" when "1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and 2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence." *Id.* at 567.

Making false statements to a grand jury and lying in police reports and criminal complaints does not amount to "suppressing" evidence for the purposes of a *Brady* claim. *See Harris v. Kuba,* 486 F.3d 1010, 1014 (7th Cir. 2007); *Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003). Here, the truth was readily available to Plaintiffs. Allegedly, they already knew that they were not in possession of cannabis and that Defendant Officers' rendition of the facts was false. In any event, all of Plaintiffs' criminal charges were dismissed prior to trial. Plaintiffs are thus prevented from bringing a *Brady* claim because they cannot establish that their criminal case

was prejudiced by the suppression of evidence. *See Carvajal*, 542 F.3d at 570, *Blackwell v. Kalinowski*, No. 08 C 7257, 2009 WL 1702992, at *4 (N.D. Ill. June 18, 2009). For the above reasons, Plaintiffs have failed to state an actionable due process claim. Count I must be dismissed.

### B. Counts II and V

Count II alleges that Defendant Officers participated in a conspiracy to intentionally deprive Plaintiffs of their constitutional rights. Count V alleges that the City of Chicago is liable for the allegedly unconstitutional acts of Defendant Officers under *Monell v. New York City Dept. of Soc. Servs.*, 426 U.S. 658, 694 (1978). However, both the civil conspiracy and municipal liability counts require an underlying substantive deprivation of constitutional rights effectuated by Defendant Officers. Because the Court has dismissed Plaintiffs' § 1983 claims against Defendant Officers, Counts II and V cannot proceed and are dismissed.

### C. Counts III and IV

With the dismissal of all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Nightingale Home healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009). Plaintiffs' state law claims include Count IV, an intentional infliction of emotional distress claim, and Count III, a malicious prosecution claim.

### IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. This case is CLOSED.

Enter:

/s/ David H. Coar
_____

David H. Coar
United States District Judge

Dated: **December 9, 2010**